John Howard MEADOWS

v.

CHEVRON, U.S.A., INC., et al.

No. 1:90–CV–0676.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 13, 1991.

Bruce Daniel Herrigel, Clinton, N.J., for plaintiff.

Rick Allan Mayer, Chevron U.S.A., Inc., Houston, Tex., Cynthia Keely Timms, Michael V. Powell, Morris Harrell, Locke Purnell Rain Harrell, P.C., Dallas, Tex., Melvin Lee Hawkins, Amoco Production Co., Houston, Tex., Peter W. Goodwin, Mobil Exploration & Producing U.S., Inc., Houston, Tex., Don Jemison, Phillips Petroleum Co., Legal Div., Bartlesville, Okl., Teri Fay, Oryx Energy Co., Dallas, Tex., Julius L. LyBrand, Robert Keith Wade, Wade & Gilmore, Beaumont, Tex., John G. Tucker, Orgain Bell & Tucker, Beaumont, Tex., Peggy O'Neill Donley, William Rollins Hurt, Exxon Co., U.S.A., Houston, Tex., William E. Gordon, Jr., Houston, Tex., David J. Beck, Fulbright & Jaworski, Houston, Tex., P. Lynwood Sanders, Sanders and Gunn, Orange, Tex., for defendants.

Anthony G. Brocato, Sr., Law Offices of Anthony G. Brocato, Beaumont, Tex., for trustees, First City Texas Beaumont, N.A., and Benny H. Hughes, Jr.

## MEMORANDUM OPINION

COBB, District Judge.

### I. BACKGROUND

The lure of the Spindletop oil gusher brings a new wave of "heirs" to claim the illusive treasure discovered in 1901 near the Gulf of Mexico. Plaintiff, John Howard Meadows, suing as Administrator of the Estate of James Meadows, Deceased, seeks damages from defendants for extracting oil, gas, or other minerals, or various rents, profits, or gains from lands claimed by plaintiff. John Howard Meadows first appeared before this court in *John Howard Meadows v. Amoco Products [sic] Co.*, No. 86–198, (E.D.Tex.1987). The court dismissed the original *Meadows* case and ordered plaintiffs not to refile until a colorable chain of title could be established from various prior landowners to Meadows. Plaintiffs filed this case four years later, alleging a claim by virtue of a conveyance from one Ephraim Garonzik to James Meadors in 1911 of four tracts of land in Jefferson County, Texas. Garonzik had received the conveyance from Anthony Lucas in 1907. Although not dispositive, it is of interest to note that the deed from Lucas to Garonzik, dated January 12, 1907, was first recorded in Dearborn County, Indiana, on November 19, 1984. Thereafter, it was recorded in Jefferson County, Texas, on July 18, 1985, 78 years after its purported execution and delivery. The 1911 deed from Garonzik to Meadors was not recorded in the Deed Records of Jefferson County, Texas, until 1931.

To date, the 1911 deed from Ephraim Garonzik to James Meadors has been the subject of several Fifth Circuit and District Court opinions, including *Robbins v. Chevron U.S.A., Inc.*, 940 F.2d 1529 (5th Cir. 1991); *Clark v. Amoco Production Co.*, 908 F.2d 29 (5th Cir.1990); *Robbins v. Amoco Production Co.* No. 85–251 (E.D.Tex.1989); and *Allen v. Amoco Production Co.* No. 85–779 (E.D.Tex.1987); *Clark v. County and State Probate Courts of Jefferson County.*[1] *Allen* was voluntarily dismissed by stipulation of the parties. *Clark* and *Robbins* were prosecuted to judgment, which was rendered for the defendants. The Fifth Circuit affirmed

---

1. *Clark v. County and State Probate Courts of Jefferson County* was the initial lawsuit that James Clark and Dan Profitt filed *pro se* in 1982.

*Clark* in August 1990; *Robbins* in July 1991.

Each of the lawsuits was filed by alleged heirs, assignees, or administrators of the estate of various James "Meaders," "Meadors," or "Meadows." In each case, plaintiffs claimed that their ancestor is *the* James Meadors whose name appears on the December 14, 1911, deed from Ephraim Garonzik to James Meadors. The basis for the present Meadows claim is the identical 1911 Deed. Plaintiff contends that the Pelham Humphries Survey, where the Spindletop well was discovered, is included in the 1911 Deed. In *Clark*, however, the Fifth Circuit unequivocally held that the 1911 Deed evidences an intent to convey only four tracts, specifically described in the Deed, Abstracts 166, 181, 182, and 193.

Accordingly, there is no merit to plaintiff's assertion that the 1911 Deed is ambiguous on its face and that extrinsic evidence must be admitted to eliminate the ambiguity. This court brings an end to plaintiffs' quest and grants summary judgment on the grounds stated herein.

## II. CONCLUSIONS OF LAW

■ Stare decisis is the doctrine that demands adherence to judicial precedents. *United States v. O'Leary*, 833 F.2d 663, 667 (7th Cir.1987). Stare decisis, unlike collateral estoppel or res judicata, is not narrowly confined to parties and their privies. *Equal Employment Opportunity Commission v. Trabucco*, 791 F.2d 1, 2 (1st Cir.1986). Rather, when its application is appropriate, the doctrine is broad in impact, reaching strangers to earlier litigation. *Id.* Once a reviewing court makes a final determination on a question of law, "such determination is binding and conclusive in all subsequent suits involving the same subject matter, whether the parties and the property are the same or not." *Pomeroy Oil Corporation v. Pure Oil Company*, 279 S.W.2d 886, 888 (Tex.Civ. App.—Waco 1955, writ ref'd).

■ Stare decisis applies with special force to decisions affecting title to land. *Confederated Salish and Kootenai Tribes v. Namen*, 665 F.2d 951, 960 (9th Cir.), *cert. denied*, 459 U.S. 977, 103 S.Ct. 314, 74 L.Ed.2d 291 (1982). In *United States v.*

*Title Ins. Co.*, 265 U.S. 472, 486, 44 S.Ct. 621, 623, 68 L.Ed. 1110 (1924), the Court quoted with approval from *Minnesota Min. Co. v. National Min. Co.*, 3 Wall 332, 334, 18 L.Ed. 42 (1865) stating:

> Where questions arise which affect titles to land, it is of great importance to the public that, when they are once decided, they should no longer be considered open. Such decisions become rules of property, and many titles may be injuriously affected by their change ... Doubtful questions on subjects of this nature when once decided, should be considered no longer doubtful or subject to change.

■ *Clark v. Amoco Production Company*, 908 F.2d 29 (5th Cir.1990) disposed of all matters of law involved in this case. This case entails construction of the identical instrument passed upon in *Clark*. In *Clark*, the Fifth Circuit construed the 1911 Deed from Ephraim Garonzik to James R. Meadors as unambiguously conveying only four tracts of land. The four tracts conveyed included no part of the Pelham Humphries Survey. Here, the plaintiff maintains that the 1911 deed is ambiguous as to what lands it purported to convey. Both to create and resolve the ambiguity, plaintiff seeks the court's consideration of extrinsic evidence. Under Texas law, use of extrinsic evidence is impermissible "to create an ambiguity or to give the contract a meaning different from that which its language imparts." *Stahl Petroleum Co. v. Phillips Petroleum Co.*, 550 S.W.2d 360, 368 (Tex. Civ.App.—Amarillo 1977), aff'd, 569 S.W.2d 480 (Tex.1978).

■ The Fifth Circuit examined the face of the 1911 deed and determined that it was unambiguous. In this circuit, one panel may not overrule the decision of another panel in the absence of an intervening contrary or superseding decision by the [Fifth Circuit] court sitting en banc or the Supreme Court. *See Society of Separationists, Inc. v. Herman*, 939 F.2d 1207 (5th Cir.1991). Even a decision not necessary to support the ultimate ruling, such as an alternative ruling, is binding. *Id.* Bound by the legal construction espoused

by the Fifth Circuit in *Clark,* summary judgment is granted to all defendants by reason of stare decisis.

■■■■ Collateral estoppel also bars re-litigation of the Fifth Circuit's interpretation of the 1911 Deed. There are three prerequisites to collateral estoppel under federal law: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and, (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in the earlier action. *United States v. "Monkey",* 725 F.2d 1007, 1010 (5th Cir.1984).

In *Clark,* the primary issue before the court was whether the deed from Garonzik to Meadors conveyed an interest other than the four tracts of land specifically described. The plaintiff before this court seeks reconstruction of the same 1911 Deed to establish his entitlement to the land and royalties therefrom. The identical construction issues surrounding the 1911 Deed in *Clark* are involved in the present case. As decided by the district court in *Clark* and later affirmed by the Fifth Circuit, the 1911 Deed "unambiguously evinces an intent to convey *only* the four specifically described tracts". Determination of title to the land was an integral part of the judgments rendered in the earlier actions.

■■■■ Application of collateral estoppel does not require complete identity of parties. "The federal principle of collateral estoppel precludes re-litigation of an adversely decided issue by a party who has once had a full and fair opportunity to litigate the issues, regardless of whether his present adversary was a party to the lawsuit." *Willis v. Fournier,* 418 F.Supp. 265, 266 (M.D.Ga.), aff'd, 537 F.2d 1142 (5th Cir.1976). Federal courts have deemed several types of relationships "sufficiently close" to justify preclusion. First, a nonparty who has succeeded to a party's interest in property is bound by any prior judgments against that party. Second, a nonparty who controlled the original suit will be bound by the resulting judgment. Third, federal courts will bind a nonparty

whose interests were represented adequately by a party in the original suit. *Id. Southwest Airlines Co. v. Texas International Airlines,* 546 F.2d 84, 95 (5th Cir. 1977).

The plaintiffs in this suit and in *Clark* claim to represent the estate of James Meadors as administrators of his estate. The many previous James Meadors heirs, assignees of heirs and representatives who have pressed their claims over the years have more than adequately represented the plaintiff. Prior plaintiffs had every incentive to present all legal and factual arguments necessary to establish title. Moreover, the *Clark* plaintiffs were represented by counsel. The district court rendered a decision on the merits of the case, and the Fifth Circuit reviewed the decision on appeal. Having been adequately represented in previous litigation, this plaintiff is collaterally estopped from relitigating the Fifth Circuit's interpretation of the 1911 Deed. Accordingly, collateral estoppel supports summary judgment for all defendants, and their motions are hereby granted.

■■■■ Res judicata also bars plaintiff's suit. Res judicata is applicable: (1) where there is an identity of parties between the two proceedings; (2) where both suits involved the same claims; (3) where the prior judgment was rendered by a court of competent jurisdiction; and (4) where the decision in the prior proceeding was a final judgment on the merits. *Clark v. Amoco Production Co.,* 794 F.2d 967, 972 (5th Cir.1986); *accord Southmark Properties v. Charles House Corp.,* 742 F.2d 862, 869 (5th Cir.1984). The second, third, and fourth elements of the defense are clearly satisfied. This suit involves the same claims as those previously adjudicated. Each of the prior claims was finally adjudicated in a court of competent jurisdiction.

■■■ The only issue remaining for the court is whether there is sufficient identity of parties. Res judicata is based upon the fundamental premise that any cause of action finally adjudicated should not be litigated repeatedly between the same parties or those in privity with them. *Federated*

*Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). A person may be barred by a previous judgment when his interest is so closely aligned with that of the litigating party such that the litigant is considered his 'virtual representative'. *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1124 (5th Cir.1987); *See Aerojet–General Corporation v. Askew,* 511 F.2d 710 (5th Cir.), cert. denied, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). Defendants, Amoco Production Company, Chevron, U.S.A., Inc., Mobil Oil Corporation, and Phillips Petroleum Company were parties in both *Clark* and *Robbins.* Thus, the court finds there is sufficient identity of parties to grant summary judgment based on res judicata.

As to defendants, Oryx, Texas Eastern Transmission Corporation [TETCO], Texasgulf, and Sun Pipe Line, applicable Texas' statutes of limitations bar plaintiff's claims as a matter of law. Plaintiff posits three types of claims: property claims, equitable claims and a tort claim. Texas' two, four, and twenty-five year statutes of limitations govern this action. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.003, 16.004, 16.028.

 The complaint and affidavits opposing summary judgment contain a considerable "history" of James Meadors' life. Plaintiff contends that James Meadors labored under grievous disabilities which prevented him from pursuing his claims to the claimed property. Even if James Meadors was not sui juris as suggested, plaintiff's property claims are barred under the twenty five year statute of limitations. *See* TEX.CIV.REM.CODE ANN. § 16.028. Plaintiff further asserts that the property and the proceeds emanating from the property should be held in constructive and/or resulting trust for his benefit. On this issue, the Texas Supreme Court held that suits enforcing a trust or suits arising out of breach of trust are generally governed by the four year residual statute. *Peek v. Berry,* 143 Tex. 294, 184 S.W.2d 272, 275 (1944). The Texas Supreme Court further held that if the suit may be regarded as one for recovery of land, general statutes of limitations applicable to suits for recovery of real estate apply. *Id.* Plaintiffs equitable claims are therefore barred. TEX.CIV.REM.CODE § 16.028.

 Finally, plaintiff advances a claim for tortious interference with property rights. A suit to recover damages in a tort-based case must be brought within two years of the date on which the cause of action accrues. *Church v. Ortho Diagnostic Sys., Inc.,* 694 S.W.2d 552, 555–56 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). *See* TEX.CIV.REM.CODE § 16.-003. Summary judgment is granted as to Oryx, TETCO, Texasgulf and Sun Pipeline based on the applicable statutes of limitations.

Other defenses asserted by defendants include failure to state a claim upon which relief can be granted, the doctrine of presumed deed and laches. Since summary judgment has been granted in favor of defendants under stare decisis, collateral estoppel, res judicata and applicable statutes of limitations, it is unnecessary for the court to consider additional defenses. Under existing precedent, it is patently clear that plaintiff had no chance of success. This court refuses to re-construe a deed previously construed by the Fifth Circuit. Within two months of the *Clark* decision, defendants notified plaintiff's counsel that application would be made for Rule 11 sanctions unless plaintiff dismissed this meritless action. The court finds that Rule 11 sanctions are proper and should be imposed in this action. Counsel must submit estimates of fees expended thus far and make suggestions as to appropriate sanctions and persons against whom they should be imposed.