**B.L. PEREGOY, et al.**

v.

**AMOCO PRODUCTION CO., et al.**

**Civ. A. No. B–89–0423–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 24, 1990.

Max E. Wilson, Wilson, Wilson & Cupp, Mountain City, Tenn., for plaintiffs.

Michael V. Powell, Cynthia K. Timms, Dallas, Tex., for Amoco, Phillips and Mobil.

Robert P. Thibault, Houston, Tex., for Texaco Inc.

Rick A. Mayer, Chevron U.S.A., Inc., Houston, Tex., for Chevron.

## MEMORANDUM ORDER

COBB, District Judge.

All the defendants in this case have moved for the imposition of sanctions upon the plaintiffs and plaintiffs' counsel under FED.R.CIV.P. 11 (Rule 11).[1] This court has reviewed the motions and memoranda submitted, and heard oral argument upon the question.

■ The Fifth Circuit has provided this court with basic guidelines to follow in determining whether to impose sanctions under Rule 11. *See Thomas v. Capital Security Systems, Inc.,* 836 F.2d 866 (5th Cir.1988). This court is to measure compliance with Rule 11 under an objective, not subjective, standard. *Thomas* at 873.

■ In the memorandum opinion dated June 18, 1990, which granted summary judgment to these defendants, this court discussed at length the fact that this case is absolutely meritless. A simple and cursory review of cases directly on point with this case[2] would have so revealed. This court finds the plaintiffs' counsel in this case utterly failed to make a reasonable inquiry into either the facts of this case or the law applicable to this case. Such failure is clearly in violation of Rule 11. Counsel for plaintiff in effect admitted that sanctions were appropriate at the hearing on defendants' motion to impose sanctions.

Having found the plaintiffs' counsel violated Rule 11, this court must impose sanctions. *Thomas* at 876. Accordingly, this court imposes the following sanctions against the named plaintiffs and plaintiffs' counsel, Max Wilson:

1. Attorneys' fees and expenses payable to Locke, Purnell, Rain & Harrell in the amount of $83,938.66.

---

1. Rule 11. Signing of Pleadings, Motions and Other Papers; Sanctions. "Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other papers and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by cooborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed *after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law,* and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper including a reasonable attorney's fee." (emphasis supplied)

2. *Green v. Texas Gulf Sulphur Co.,* 393 F.2d 67 (5th Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 445, 21 L.Ed.2d 438 (1968); *Beasley v. McFaddin,* 393 F.2d 68 (5th Cir.), *cert. denied,* 393 U.S. 842, 89 S.Ct. 120, 21 L.Ed.2d 111 (1968); *Humphries v. Texas Gulf Sulphur Co.,* 393 F.2d 69 (5th Cir.1968); *Glover v. McFaddin,* 205 F.2d 1 (5th Cir.), *cert. denied,* 346 U.S. 900, 74 S.Ct. 227, 98 L.Ed. 400 (1953); *Jones v. McFaddin,* 382 S.W.2d 277 (Tex.Civ.App.—Texarkana 1964, writ dism'd w.o.m.), *appeal dism'd,* 382 U.S. 15, 86 S.Ct. 56, 15 L.Ed.2d 11 (1965); *Foster v. Gulf Oil Corp.,* 335 S.W.2d 845 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.); *McBride v. Gulf Oil Corp.,* 292 S.W.2d 151 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.).

2. Attorneys' fees and expenses payable to Texaco Inc. in the amount of $30,708.32.

3. Attorneys' fees and expenses payable to Chevron, Inc., in the amount of $1,100.00.

4. All taxable costs of court.

One half of this total is to be paid by the four named plaintiffs, to be borne by them equally; one half of this total is to be paid by Max Wilson individually.

Additionally, this court imposes the following:

1. The sanctions to be paid are to be paid by the plaintiffs and plaintiffs' counsel individually, and not from any litigation fund or money raised to pursue this case;

■ 2. The sanctions to be paid are a penalty, and are not to be deducted by any of those sanctioned as an expense of doing business on any state or federal income tax return;

3. That no check or other means of reimbursement, either directly or indirectly, shall issue from the litigation fund controlled by B.L. Peregoy to reimburse himself, his wife, any officer of his litigation association, or any attorney for any expense connected to these sanctions;

4. That at plaintiffs' and plaintiffs' counsel's expense, copies of this court's Memorandum Opinion dated June 18, 1990, and of this Memorandum Order shall be mailed to all present and former members of the litigation association;

5. That the Clerk of the Court for the Eastern District of Texas is enjoined from accepting for filing any lawsuit by any party claiming as an heir of Pelham Humphries and involving any claim to the land known as the Humphries Survey or the Spindletop Oil Field, unless there is first a motion for leave to file granted by a sitting judge in this District;

6. That copies of this Memorandum Order be forwarded at plaintiffs' and plaintiffs' counsel's expense, by the Clerk of the Court for the Eastern District of Texas to: The United States Treasury, Internal Revenue Service Division; and to counsel in

Cause No. 5044, Chancery Court, First Judicial District, Jonesboro, Tennessee, and the Attorney General of Tennessee, Nashville, Tennessee.

This court finds these sanctions are necessary and appropriate to redress the blatant violation of Rule 11 which occurred in this case.