John Howard MEADOWS, as Administrator of the Estate of James Meadors, Deceased, Plaintiff,

v.

CHEVRON, U.S.A., INC., California Corporation, Successor in Interest of Gulf Oil Corporation; et al.

No. 1:90–CV–0676.

United States District Court, E.D. Texas, Beaumont Division.

June 23, 1992.

Steven Carl Barkley, Lindsay, Moses & Barkley, Beaumont, Tex., Bruce Daniel Herrigel, Clinton, N.J., Herbert B. Derman, Derman & Derman, New York City, for John Howard Meadows.

Rick Allan Mayer, Chevron USA Inc., Houston, Tex., for Chevron USA Inc.

Cynthia Keely Timms, Michael V. Powell, Morris Harrell, Locke Purnell Rain Harrell, P.C., Dallas, Tex., Melvin Lee Hawkins, Amoco Production Co., Houston, Tex., for Amoco Production Co.

Cynthia Keely Timms, Michael V. Powell, Dallas, Tex., Peter W. Goodwin, Mobil Exploration & Producing, US Inc., Houston, Tex., for Mobil Oil Corp.

Cynthia Keely Timms, Michael V. Powell, Dallas, Tex., Don Jemison, Phillips Petroleum Co., Legal Div., Bartlesville, Okl., for Phillips Petroleum.

Cynthia Keely Timms, Michael V. Powell, Teri Fay, Oryx Energy Co., Morris Harrell, Locke Purnell Rain Harrell, P.C., Dallas, Tex., for Sun Oil Co.

Julius L. LyBrand, Robert Keith Wade, Wade & Gilmore, Beaumont, Tex., for

McFaddin, Weiss & Kyle, and Kyle Investments.

John G. Tucker, Orgain Bell & Tucker, Beaumont, Tex., for Texas Gulf Inc.

Peggy O'Neill Donley, William Rollins Hurt, Exxon Co., USA, Tex., for Exxon Gas Systems, Inc.

William E. Gordon, Jr., Houston, Tex., for EI DuPont DeNemours.

David J. Beck, Beck Redden & Sechrest, James T. Jeffus, Texas Eastern Transmission Corp., Houston, for Texas Eastern Transmission.

P. Lynwood Sanders, Sanders & Gunn, Orange, Tex., for Lois Alloway.

George Michael Jamail, Marcy Lynn Rothman, Benckenstein Oxford & Johnson, Beaumont, Tex., for Bruce Herrigel.

Anthony G. Brocato, Sr., Law Offices of Anthony G. Brocato, Beaumont, Tex., for First City Texas Beaumont, NA and Benny H. Hughes, Jr.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

John Howard Meadows, administrator of the Estate of James Meadows, Deceased, brought this suit as administrator and as Trustee on behalf of persons entitled to any right, profit, proceed, royalty, gain, advantage, title, or interest under a certain deed from Ephraim Garonzik to James Meaders, dated December 14, 1911.

As a matter of background, "Spindletop" was the discovery well which blew in on January 10, 1901, and has been said to be the beginning of the modern petroleum industry. Anthony Lucas was a mining engineer who discovered the "Spindletop" well near Beaumont, Texas. Spindletop was located on a tract of land originally patented to one Pelham Humphries (Abstract 32, Jefferson County, Texas). By various conveyances, the McFaddin family acquired the Humphries Survey. Lucas entered into a contract and lease with the McFaddins for exploration of the Humphries Survey. At one point, Lucas conveyed some of his interest to lands in Jefferson County, Tex-as, to one Ephraim Garonzik. On December 14, 1911, Garonzik conveyed one-eighth (1/8th) of his interest in four small tracts of land to James Meadows.

Plaintiff alleged James Meadows had a claim to one-eighth (1/8th) of all of the oil, gas, minerals, royalties, or any other substances of value removed, produced, or saved from "Spindletop." After a hearing on the motions for summary judgment filed by the various defendants, this court granted summary judgment for the defendants, and held that sanctions would be imposed at a hearing on the pending motions under Rule 11, FED.R.CIV.P. *See* 782 F.Supp. 1189. (E.D.Tex.)

After requests for delays by Meadows and Bruce Herrigel, plaintiff's attorney, the hearing was held and the parties presented their contentions and proof as to sanctions. Some of the parties requested additional time to submit post-hearing briefs and additional items for consideration. After considering all the parties' briefs, affidavits, and oral arguments, this court finds that the plaintiff and his counsel failed to make reasonable inquiry into the facts or the law applicable to this case.

Rule 11 imposes upon litigants and their counsel the following affirmative duties with which an attorney or litigant certifies he has complied by signing a pleading, motion or other document:

(1) that the attorney has conducted a reasonable inquiry into the facts which support the document;

(2) that the attorney has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument "for the extension, modification, or reversal of existing law", and;

(3) that the motion is not interposed for purposes of delay, harassment, or increasing costs of litigation.

Compliance with Rule 11 is measured by an objective, rather than subjective, standard of reasonableness under the circumstances. *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1127 (5th Cir.1987). A cursory examination of the law by Meadows or

his counsel would have revealed that this repeat litigation has no valid basis. Such a review would have disclosed that the asserted claims of Meadows, real or imagined, were barred by *stare decisis, res judicata,* collateral estoppel, and statutes of limitations.

Respondent Herrigel has advanced the position that he and Meadows presented a new theory or aspect of recovery in this case which had not been before the Fifth Circuit or this court in *Clark II,*[1] *Robbins,*[2] or any of the prior *Meadows* litigation. Plaintiff asserts that the property and proceeds emanating from the property should be held in constructive trust for his benefit, and the benefit of numerous others. Because of the "new theory of recovery," respondent posits that no sanctions should be imposed under FED.R.CIV.P. 11.

The court does not accept respondents' "new theory." For a constructive trust to exist, the defendants must necessarily have owed money to plaintiff for wrongfully withholding money from profits or royalties due to James Meadows and his estate. However, *Clark II* and both *Robbins* cases have held unequivocally that the 1911 Garonzik–Meadows deed conveyed no interest in or to any portion in the Spindletop field in the Pelham Humphries Survey, Abstract 32, to Meadows. Since no interest in Spindletop land or minerals was conveyed to Meadows under the Garonzik deed of December 14, 1911, Meadows was never entitled to receive profits, monies, and royalties produced, saved and extracted from the land. Because James Meadows could not recover, the Administrator of his estate cannot recover, directly or indirectly, by way of a constructive trust. The oil and gas producers of Spindletop have never owed Meadows money. Thus, they could never have converted any money to their own use. Since no money was owed Meadows, no constructive trust could have ever come into being for the nonpayment of monies.

Having determined a violation of Rule 11, sanctions are mandatory. *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 873 (5th Cir.1988). Rule 11 specifically permits the court to order the party violating the Rule to compensate his opponent for "reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." FED.R.CIV.P. 11. What constitutes "reasonable expenses" or a "reasonable attorney's fee" within the context of the rule must be considered in tandem with the rules' goals of deterrence, punishment, and compensation. *Thomas,* 836 F.2d at 879. In this respect, a "reasonable expense" does not necessarily mean an "actual expense". Further, the reasonableness finding embraces an inquiry into the extent to which the non-violating party's expenses could have been avoided or mitigated. *INVST Financial Group v. Chem–Nuclear Systems,* 815 F.2d 391, 404 (6th Cir.) *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987).

Plaintiff filed this action on September 20, 1990. On October 9, 1990, counsel for defendants, Amoco Production, Mobil Oil, Phillips Petroleum, Sun Pipeline, Oryx Energy, and Amoco Oil sent plaintiff's counsel a letter stating that the complaint was filed in violation of Rule 11. Defense counsel enclosed in the letter a copy of the Fifth Circuit's opinion in *Clark v. Amoco Production Co.,* 908 F.2d 29 (5th Cir.1990) (Clark II), a copy of the district court's opinion in *Robbins v. Amoco Production Co.,* No. 85–251 (E.D.Tex.1989), *aff'd,* 940 F.2d 1529 (5th Cir.1991); this court's opinion in *Peregoy v. Amoco Production Co.,* 133 F.R.D. 113 (E.D.Tex.1990), and the transcript of the hearing on sanctions in *Peregoy,* wherein sanctions were imposed. Rather than dismissing the action as suggested by the defense, plaintiff chose to proceed. On August 23, 1991, plaintiff, John Howard Meadows, filed his signed affidavit in this action. In the affidavit, Meadows stated that he personally spent

---

1. *Clark v. Amoco Production Co.,* 908 F.2d 29 (5th Cir.1990).

2. *Robbins v. Chevron U.S.A., Inc.,* 940 F.2d 1529 (5th Cir.1991); *see also Robbins v. Amoco Production Co.,* 952 F.2d 901 (5th Cir.1992).

years researching and investigating this action before authorizing the filing of the complaint.

The numerous attorneys' fees and costs range from over $57,000 to $4,250. Because the court finds that except for the fees and costs submitted by the parties, other than Locke, Purnell, Rain & Harrell and Exxon, were not necessary and reasonable, the court has made certain adjustments downward.

Accordingly, sanctions will be imposed against plaintiff and his counsel, jointly and severally, in the following amounts:

1. Reasonable attorneys fees and expenses payable to Locke, Purnell, Rain & Harrell in the amount of $31,305.84.

2. Reasonable attorneys fees payable to Exxon Gas System, Inc., in the amount of $4,250.00.

3. Reasonable attorney fees and expenses payable to Texasgulf in the amount of $12,500.00.

4. Reasonable attorney fees and expense payable to First City Texas–Beaumont, and Benny Hughes Jr., Trustee, in the amount of $12,500.00.

5. Reasonable attorney fees and expenses payable to McFaddin, Weiss, and Kyle in the amount of $12,500.00.

6. Reasonable attorney fees and expenses payable to TETCO in the amount of $12,500.00.

7. The defendants Oryx, Sun Oil Company, Chevron U.S.A., and Dupont have sought no money in sanctions and none are awarded.

The court further holds that the sanctions imposed herein upon John Howard Meadows and C. Bruce Herrigel shall not be reimbursed to them, nor collected, directly or indirectly, from any or all of those for whom John Howard Meadows claims to act as trustee or administrator. To the extent it is relevant, this court finds that these sanctions are in the nature of a civil fine or penalty, and not a business or legal expense.

As a final note, this court has been inundated and bombarded with letters, tapes, etc., stating there are numerous claimants to the "untold billions, or trillions," of dollars due to the heirs and kinsmen of Meadows. These have been in the form of letters and calls to the judge's secretary, law clerks, and the District Clerk's office. In addition, the court has received *ex parte* video tapes of meetings and two or three audio tapes of telephone conversations. Copies of these letters and tapes are all ORDERED filed with the clerk's office for custodial purposes. The originals will be available to any other governmental agency which seeks to review them, or the United States Court of Appeals for the Fifth Circuit. None of these communications have any bearing on the issues before the court, nor has the court considered them for any purpose.

If the original memorandum opinion and order granting summary judgment to the defendants in this action is not sufficiently clear and understandable to all parties who claim interest by, through or under the "Meadows" claim, this court now holds there is no money due any "heir" or kinsman of James Meadows (Meadors or Meaders) asserting any claim under the deed of December 14, 1911, from Ephraim Garonzik to James Meadows by any of the defendants in this suit or any of their predecessors in title.

An additional sanction is imposed. This court requires that and now ORDERS Meadows and Herrigel to notify all of those persons who assert claims to the so-called Meadows–Spindletop fortune as heirs, cousins, or claimants (of whom respondents have knowledge) of this court's written opinion in this action, including appropriate portions of this order. John Howard Meadows has, through the years, corresponded with a large number of these persons and may well have a list of the mailing addresses of each of those persons. To the extent that he does have such information, he is hereby directed and it is ORDERED that he mail such notice to those persons within fifteen (15) days of the date of entry of this order. The notice will include the fact that respondent James Howard Meadows has not prevailed in this lawsuit, and that the

December 14, 1911, deed from Garonzik to James Meadows conveyed no interest whatsoever in or to the Pelham Humphries Survey where Spindletop was located. The expense of preparing and mailing shall be borne by the respondents equally, and this expense is also in the nature of a civil penalty or fine, and not considered by this court as a business expense. Additionally, the respondents are prohibited from soliciting or receiving reimbursement, directly or indirectly, from any of those persons who have or will make claims under the 1911 Garonzik–Meadows deed.