David Lynn MEADOR, Plaintiff,

v.

FIRST SECURITY NATIONAL BANK,
aka Chase Manhattan, and Chase
Bank of Beaumont, Defendants.

No. 1:99–CV–127.

United States District Court,
E.D. Texas,
Beaumont Division.

March 13, 2000.

David Lynn Meador, Central City, KY,
pro se.

Anthony G. Brocato, Sr., Beaumont, TX,
for Defendant.

### *MEMORANDUM OPINION*

COBB, District Judge.

David Lynn Meador, alleging that he is the great-grandson of James Meador, has brought yet another in a long line of cases seeking to recover a portion of the Spindletop oil fortune. Myths and rumors have existed and persisted through the years that such a treasure does in fact exist when in fact it does not.

This Meador has yet another twist. Meador does not sue any oil companies, but banks. He alleges the banks have wrongfully administered various McFaddin estates.[1]

By way of background, there have been several Meadows (or Meadors) lawsuits to recover the non-existent fortune, at one time alleged by John Howard Meadows in 1990 to be in excess of $20,000,000,000. As to the prior suits, *see Robbins v. Amoco Production Co.,* 952 F.2d 901 (5th Cir. 1992); *Robbins v. Chevron, U.S.A. Inc.,* 940 F.2d 1529 (5th Cir.1991); *Clark v. Amoco Production Co.,* 908 F.2d 29 (5th Cir.1990) (*Clark II* ); *Clark v. Amoco Production Co.,* 794 F.2d 967 (5th Cir.1986), (*Clark I* ); *Robbins v. Amoco Production Co.,* 800 F.2d 1143 (5th Cir.1986); *Mead-*

---

1. Mr. Meador has also recently sued Oryx Energy Company. This case was dismissed by Judge Schell on the basis of *stare decisis,* *res judicata* and collateral estoppel. *See* Mem. Opinion, 1:99–CV–667, March 7, 2000 (J., Schell).

*ows v. Chevron, U.S.A., Inc.*, 782 F.Supp. 1189 (E.D.Tex.1991); *Meadows v. Chevron U.S.A., Inc.*, 142 F.R.D. 442 (E.D.Tex. 1992), aff'd. in part, rev'd in part, 990 F.2d 626 (5th Cir.1993); *Robbins v. Amoco Production Co.*, 952 F.2d 901 (5th Cir.1992); and *Robbins v. HNG Oil Co.*, 878 S.W.2d 351 (Tex.App.—Beaumont 1994, writ dism'd w.o.j.).

In *Clark v. Amoco Production Co.*, 908 F.2d 29 (5th Cir.1990), the Fifth Circuit held that Clark, administrator of the Estate of James R. Meadows, could not recover against various oil production companies for minerals produced from Spindletop because as a matter of law, the 1911 Garonzik–Meadows deed conveyed only four specific small tracts of land, and did not include a ⅛ interest in the land where the oil was discovered. Applying the rule of *stare decisis,* the Texas Court of Civil Appeals in *Robbins v. HNG Oil Co.,* 878 S.W.2d 351 (Tex. App. Beaumont 1994), confirmed that holding, when Jewel Robbins individually and as attorney-in-fact for one Abigail Meaders, claimed as an heir of James R. Meaders, the same ⅛ interest under the Garonzik–Meadows 1911 deed.

Two federal court cases filed by Jewel Robbins have also held that the Meadows heirs cannot recover against various oil companies. *Robbins v. Chevron U.S.A., Inc.,* 940 F.2d 1529 (5th Cir.1991); *Robbins v. Amoco Production Co., et al,* 952 F.2d 901 (5th Cir.1992).

■ Once a deed is construed by a court of competent jurisdiction and there has been a final judgment, the conveyance is subject to *stare decisis* in all subsequent suits involving the very same deed. *United States v. Title Ins. & Trust Co., et al,* 265 U.S. 472, 44 S.Ct. 621, 68 L.Ed. 1110 (1924); *Pomeroy Oil Corp. v. Pure Oil Co.,* 279 S.W.2d 886 (Tex.Civ.App.—Waco 1955).

In the prior suit filed in 1998 by David Lynn Meadows, he sued only the Estate of W.P.H. McFaddin and Ephraim Garonzik,

in Cause No. 1:98–CV–1613. W.P.H. McFaddin was the owner of the Spindletop lands before oil was first produced on January 10, 1901. This court dismissed his case with prejudice, and Meador appealed to the Circuit Court of Appeals for the Fifth Circuit. In a *per curiam* unpublished opinion, the trial court's dismissal was affirmed. However, the Circuit Court stated:

> Meador, as an alleged heir asserting a claim under the 1911 deed, cannot look for money due from the Estate of William McFaddin, a predecessor in title to the oil company defendants in the prior cases.
>
> No such sweeping statement exists with respect to Meador's property claims, however. Although property claims have been raised before against the oil companies and have been dismissed on various grounds, the McFaddin estate was not a party to the suits cited by the district court, and issues of fraud and concealment on the part of these individuals was not considered.

Taking solace from this part of the appellate decision, Meador followed with this suit against First Security National Bank, a/k/a Chase Manhattan, a/k/a Chase Bank of Beaumont. He filed a motion to dismiss Chase Manhattan Bank with prejudice, and the court has now complied with his request.

Thus, Meador is now suing Chase Bank of Beaumont, a/k/a Chase Texas, as successor to First Security National Bank.

There are at least two reasons he cannot maintain this action as an heir to James Meadows or Meador. First, in *Meadows v. Chevron, U.S.A., Inc.,* 782 F.Supp. 1189 (E.D.Tex.1991), First Security National bank was a party defendant, as were a number of oil companies and individuals, as well as "First Security National Bank Hughes TR." [sic] of Beaumont, Texas. (Original Complaint, Cause No. 1:90–CV–676, page 49). Thus, the doctrine of claim preclusion bars Mr. Meador from recovering against the bank. Second, the doctrine

of issue preclusion bars Mr. Meador from recovering here as well. These issues have been continuously litigated in both state and federal courts. Not one court has held in favor of the heirs of the Meador's. Hence, this court will not allow Mr. Meador to relitigate issues which have been fully and competently ruled on by previous courts.

In the judgment in the *Meadows v. Chevron* entered by this court on November 18, 1991, where First City Bank Texas—Beaumont, N.A. (successor to First Security National Bank) was a party both individually and as trustee for various McFaddin heirs, the court found for and granted summary judgment for a two full-page list of the parties, and *First City, Texas–Beaumont, N.A., and Benny H. Hughes, Jr.*

First City, Texas–Beaumont, N.A. ("First City") and Benny H. Hughes, Jr. ("Hughes") (*with First City acting for itself and as Trustee of the following trusts,* and with Hughes acting individually and as Trustee of the following trusts, said trusts being: the J.L. Caldwell Company Trusts dated December 8, 1955, for the benefit of W.P.H. McFaddin, III, and for the benefit of Gustavus Adolphus Northcott McFaddin, and the W.P.H. McFaddin, III, Trust for the benefit of W.P.H. McFaddin, III, and the Gustavus Adolphus Northcott McFaddin Trust for the benefit of Gustavus Adolphus Northcott McFaddin, both created by instrument dated May 1, 1955; and with First City acting as Independent Executor and Trustee of the Trusts under the Will and Codicil of W.P.H. McFaddin, Jr., Deceased, and as Independent Executor and Trustee of benefit of W.P.H. McFaddin, III, and the Gustavus Adolphus Northcott McFaddin Trust for the benefit of Gustavus Adolphus Northcott McFaddin, both created by instrument dated May 1, 1955; and with First City acting as Independent Executor and Trustee of the Trusts under the Will and Codicil of W.P.H. McFaddin, Jr., Deceased, and as Independent Executor and Trustee of the Trusts under the Will of Lucille Bass McFaddin, Deceased; said First City and Hughes having been sued herein as "First Security National Bank Hughes, TR. Box 1612, Beaumont, TX 77704").

 This court takes judicial notice of its own judgments. *Gullo v. Veterans Coop. Housing Ass'n,* 269 F.2d 517, 517 (D.C.Cir.1959) (trial court may apply res judicata upon taking notice of parties' previous case); *Wilson v. United States,* 166 F.2d 527, 528–29 (8th Cir.1948) (appellate court on own motion may determine action is barred by res judicata); *Holmes v. United States,* 231 F.Supp. 971, 972–73 (N.D.Ga.1964), *aff'd,* 353 F.2d 785 (5th Cir. 1965). I hold that the words "First City acting for itself and as Trustee ..." found for the Bank (and its successors) and is *res judicata,* collateral estoppel, and defensive issue preclusion as to the Bank in this case, and requires this court to sustain defendant's motion for summary judgment. The court has included those judgments in the record since it has taken judicial notice of them. (Court's Exhibits 1 and 2).

The final judgment concerning sanctions and awarding fees, $5,000 was awarded to Anthony S. Brocato, as attorney for Texas Commerce Bank—Beaumont, N.A., and Benny Hughes, Trustee. (Texas Commerce Bank Beaumont N.A. acquired the assets of First Security National Bank through a federal agency as set forth below.)

In view of the statement in the 1998 suit by the appellate court, it is appropriate to give the history of the First Security National Bank of Beaumont. This history makes it clear that the bank was a party to some of the earlier Spindletop suits. Thus, the doctrines of issue preclusion, claim preclusion and *stare decisis* prevent Mr. Meador's suit from succeeding.

### History of First Security

(a) First Security National Bank of Beaumont was formed October 28, 1961, when First National Bank of Beaumont merged with Security state Bank of Beaumont. On January 1, 1978, the corporate name was changed to First Security Bank of Beaumont, N.A., and on January 1, 1983, the name was changed to First City National Bank of Beaumont. March 31, 1989, the name changed to First City, Texas—Beaumont, N.A.

(b) October 30, 1992, First City, Texas—Beaumont, N.A. was closed by the Comptroller of the currency and the Board of Directors of the Federal Deposit Insurance Corporation, and a new bank was established by the Board of Directors of the Federal Deposit Insurance Corporation under the name of New First City, Texas—Beaumont, N.A., which succeeded to the trust assets and fiduciary appoints of First City, Texas—Beaumont, N.A. February 24, 1993, Texas Commerce Bank—Beaumont, N.A. acquired and succeeded to the trust accounts and fiduciary appointments of First City, Texas—Beaumont, N.A., *and* New First City Texas—Beaumont, N.A. Then, on December 10, 1993, Texas Commerce Bank—Beaumont, N.A., merged with and into Texas Commerce Bank, N.A. Finally, on January 20, 1998, Texas Commerce Bank, N.A., changed its name to Chase Bank of Texas, N.A.

(c) Although trustee for many heirs of W.P.H. McFaddin, none of those banks was ever trustee of the Estate of *the* W.P.H. McFaddin. See affidavit of David Hitt (May 11, 1999, Memorandum of Defendant, Exhibit 2).

First Security National Bank's successor, First City, Texas—Beaumont, N.A., became insolvent in 1992; it was taken over by the FDIC, as Receiver, New First City, Beaumont, and then by Texas Commerce Bank, Beaumont, N.A. By an agreement dated February 24, 1993, the duties and obligations between the parties was established, and the FDIC approved the agreement. Exhibit 3, Defendant's Second Supplemental Motion for Summary Judgment, provides in part, at § 4.5, page 26, that:

> (A) The Assuming Bank [Texas Commerce] shall, without further transfer, substitution, act, or deed, to the full extent permitted by law, succeed to the rights, obligations, properties, assets, investments, deposits, agreements, and trusts of the Bridge Bank [New First City] under (I) trusts, executorships, administrations, guardianships, and agencies, and (ii) other fiduciary or representative capacities, all to the same extent as though the Assuming Bank had assumed the same from the Bridge Bank prior to the Bridge Bank Closing; *provided,* that any liability based on the misfeasance, malfeasance, or nonfeasance of the Bridge Bank, its directors, officers, employees, or agents with respect to the trust business *is not assumed hereunder.*

In the 1990 *Meadows* suit, where First Security Bank was a party, and Texas Commerce Bank—Beaumont, N.A. was substituted as a party, Meadows made claims against all defendants under a host of theories, including deprivation of property rights.[2]

---

**2.** The complaint read in pertinent part:
The Defendants wrongfully ignored the rights of the Plaintiffs and their predecessors in title and assumed possession of the lands which were subject of these deeds and extracted minerals including oil and gas from the said lands and used them for their benefit and profit. They failed and refused to account to the Plaintiffs of their predecessors in title. The value of such minerals and use of lands is believed to be in excess of twenty billion dollars $20,000,-000,000.00.
Further, plaintiffs sought relief in the broadest terms from all defendants:
Defendants have wrongfully denied the Plaintiffs of the benefit of these profits from the oil and gas produced on said lands. 71. Plaintiffs have been wrongfully deprived of the benefits of the aforesaid property rights and will continue to be deprived of such benefits in the future unless the

It is quite clear in the *Meadows v. Chevron* 1990 suit all possible relief was clearly

Court grants the Plaintiff damages and other relief requested.

WHEREFORE, Plaintiffs demand judgment as follows:

1. That the Defendants and all of them account to the Plaintiff for all minerals extracted from the said 933 acres, more or less, and from all other properties referred to above as follows:

a. All lands in the P. Humphries Survey No. 32, lying within the 2,917 acres referred to in Paragraph 40 above.

b. Portions of the Abstract 181 located on the 4.48 acres referred to in Paragraph 36.B. above.

4. That the Plaintiffs are entitled, by reason of their claim of title to the land and the mineral rights under the aforesaid leases, to an order requiring the Defendants to account for all gains, profits, royalties and advantages derived by the Defendants as a consequence of their refusal to acknowledge the ownership rights of the Plaintiffs.

5. That Plaintiffs are entitled to an order requiring the Defendants to pay to the Plaintiff such damages as Plaintiffs have sustained by virtue of the Defendants' refusal to acknowledge the valid rights of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment granting the following relief:

1. An accounting of all minerals extracted from December 14, 1911 to date from the property which is the subject of this lawsuit;

2. Damages for lost profits, gains or benefits as requested in the FIRST COUNT;

3. Damages sustained by Defendants' refusal to acknowledge the ownership rights of the Plaintiffs;

4. Punitive damages for their willful and continuous refusal to acknowledge the rights of the Plaintiffs and their predecessors in title in the said lands and the said profits from the said properties;

5. Interest and costs of suit.

WHEREFORE, the Plaintiffs respectfully pray for the following relief on the FOURTH COUNT:

1. An accounting of all minerals extracted from December 14, 1911 to date from the property which is the subject of this lawsuit;

2. A judgment for damages for lost profits, gains or benefits as requested in the FIRST COUNT;

3. A judgment for damages sustained by virtue of the Defendants' refusal to acknowledge the ownership rights of the Plaintiffs;

4. A judgment for the Plaintiffs declaring that a constructive trust has been imposed upon the profits and properties of the Defendants for the benefit of the Plaintiffs;

5. A judgment establishing the ownership rights of the Plaintiffs in the said lands and minerals and also as to future oil and gas profits and directing the Defendants to pay to the Plaintiffs their just portion of any and all future gains, profits and advantages rightly due to the Plaintiffs;

6. A judgment against the Defendants for punitive damages for their willful and continuous refusal t acknowledge the rights of the Plaintiffs and their predecessors in title in the said lands and the said profits from the said properties;

7. Interest and costs of suit.

3. The Defendants hold these lands and mineral rights as *Trustee ex Maleficio* for the benefit of the Plaintiffs.

WHEREFORE, the Plaintiffs respectfully pray for the following relief on the FIRST, SECOND and THIRD COUNTS:

1. An accounting of all minerals extracted from December 14, 1911 to date from the property which is the subject of this lawsuit;

2. A judgment for damages for lost profits, gains or benefits as requested in the FIRST COUNT;

3. A judgment for damages sustained by virtue of the Defendants' refusal to acknowledge the ownership rights of the Plaintiffs;

4. A judgment declaring that the Defendants hold all profits, benefits, gains as *Trustees ex Maleficio* for the benefit of the Plaintiffs and requiring them to account to the Plaintiffs and pay their fair share of such benefits together with interest and costs of suit;

5. A judgment establishing the ownership rights of the Plaintiffs in the said lands and minerals and also as to future oil and gas profits and directing the Defendants to pay to the Plaintiffs their just portion of any and all future gains, profits and advantages rightly due to the Plaintiffs;

6. A judgment against the Defendants for punitive damages for their willful and continuous refusal to acknowledge the rights of the Plaintiffs and their predecessors in title in the said lands and the said profits from the said properties;

7. Interest and costs of suit.

438

claimed which could be claimed against all defendants, including the bank in question, which has now been succeeded by the present bank.

The Meadows heirs lost that suit, and the Circuit Court affirmed, and certiorari was denied. In 1998 David Lynn Meador filed another suit in which this court's dismissal order was affirmed. David Meador has filed yet another suit against First Security National Bank and its successors, despite the fact the bank was a party to the 1990 *Meadows v. Chevron* suit.

As this court has often held, plaintiff's suit is barred by *stare decisis, res judicata,* collateral estoppel, and the various Texas statutes of limitations. *See* Tex. Civ. Prac. & Remedies Code Ann. §§ 16.003 (two-year statute of limitations for trespass and conversion of personal property); § 16.0234 (three-year statute of limitations for adverse possession); § 16.004 (four-year statute of limitation for specific performance of a contract for the conveyance of real property and fraud); § 16.025 (five-year statute of limitation for adverse possession); § 16.026 (ten-year statutes of limitations for adverse possession); §§ 16.027 and 16.028 (both twenty-five year statutes of limitations for adverse possession).

In 1990, those claiming under the 1911 Ephraim Garonzik—James Meadows deed were denied recovery under all theories of damage set forth in detail above. *See* n. 2 *supra.* This Meadows heir has no greater status than any others. His claims to the so-called $20 billion Meadows [Meador] Estate are in all things DENIED. The defendants' motion for summary judgment, as supplemented, is GRANTED.

In view of this action by the court, all other motions pending before me are DENIED as MOOT.

COURT'S EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

John Howard Meadows, as Trustee on behalf of person entitled to any right, profit, proceed, royalty, gain, advantage, title, or interest under a certain deed from Ehraim Garonzik to James Meaders, dated December 14, 1911, and as Administrator of the Estate of James A. Meaders, deceased, Plaintiff,

vs.

Chevron, U.S.A., Inc., et al., Defendants.

CIVIL ACTION NO. 1:90 CV 676

FILED Dec. 18, 1991

*SUMMARY JUDGMENT AND DISMISSAL OF ORYX ENERGY COMPANY AND SUN PIPE LINE COMPANY*

Plaintiff John Howard Meadows, Individually and as Trustee on behalf of persons entitled to any right, profit, proceed, royalty, gain, advantage, title, or interest under a certain deed from Ephraim Garonzik to James Meaders, dated December 14, 1911, and as Administrator of the Estate of James A. Meadors, deceased, has agreed in both his written pleadings filed with this Court and in his statements to this Court to dismiss Oryx from this action pursuant to Oryx's motion to dismiss. Furthermore, plaintiff, and those he represents as described above, have agreed in written pleadings filed with this Court and in statements to this Court to the entry of summary judgment on behalf of Sun Pipe Line Company, a subsidiary of Sun Pipe Line Company of Delaware, which is a subsidiary of Sun Company, Inc. dismissing all of plaintiff's claims against that company, which was sued in the name of Sun Oil Company. Having reviewed Sun's

motion for summary judgment and Oryx' motion to dismiss, and having heard the argument of counsel thereon, the Court is of the opinion that the motions are meritorious and should be granted.

It is, therefore, ORDERED, ADJUDGED, and DECREED that, pursuant to plaintiff's agreement and this Court's review of the motions, the motion to dismiss filed by Oryx Energy Company is GRANTED and the motion for summary judgment filed by Sun Pipe Line Company is also GRANTED. The claims of plaintiff John Howard Meadows, Individually and as Trustee on behalf of persons entitled to any right, profit, proceed, royalty, gain, advantage, title, or interest under a certain deed from Ephraim Garonzik to James Meaders, dated December 14, 1911, and as Administrator of the Estate of James A. Meadors, deceased, against Oryx Energy Company and Sun Pipe Line Company, named as Sun Oil Company, are DISMISSED with prejudice to the refiling of same, plaintiff and those he represents as described above are adjudged to TAKE NOTHING against Sun Pipe Line Company, and Sun Pipe Line Company is granted JUDGMENT in this action.

Costs herein are taxed against the plaintiff.

**SIGNED** this 17 day of Dec., 1991.

/S/ Howell Cobb
UNITED STATES DISTRICT JUDGE

COURT'S EXHIBIT 2
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

John Howard Meadows, as Trustee on behalf of person entitled to any right, profit, proceed, royalty, gain, advantage, title, or interest under a certain deed from Ehraim Garonzik to James Meaders, dated December 14, 1911, and as Administrator of the Estate of James A. Meaders, deceased, Plaintiff,

VS.

Chevron U.S.A., Inc., et al.,

CIVIL ACTION NO. 1:90 CV 676

Filed Nov. 18, 1991

*FINAL SUMMARY JUDGMENT*

On this day, came to be considered the motions for summary judgment filed in the above-entitled and numbered cause by defendants Amoco Production Company; Mobil Oil Corporation; Phillips Petroleum Company; Pure Oil Company; Texasgulf, Inc.; Exxon Gas System, Inc.; Texas Eastern Transmission Corporation; Lois Lakey Alloway (incorrectly named in the Complaint and Amended Complaint as Lois Alloway and Lakie Alloway); and Amoco Oil Company. Also came to be considered the motions for summary judgment filed by McFaddin Trust; McFaddin Wiess & Kyle; Kyle Investments; J.L.C. McFaddin; Cordts D. Vernon McFaddin; Mamie Ward; and McFaddin Development Corp., whose correct names are listed in Exhibit A to this Final Judgment. Further came to be considered the motion for summary judgment filed by First City, Texas–Beaumont N.A. and Benny H. Hughes, Jr., whose full correct names and capacities, as shown by the record herein, are as set forth in Exhibit B to this Final Judgment. Finally, came to be considered the motions to dismiss filed by defendants Chevron U.S.A. Inc.; J.M. Guffey Petroleum Company; Gulf Refining Company of Texas; Gulf Oil Corporation; and E.I. du Pont de Nemours and Company, which have been treated as motions for summary judgment pursuant to Fed.R.Civ.P. 12(c) because matters outside the pleadings have been presented to the Court in support of such motions. Five other defendants, Jesse Pierce, Lancer Oil & Gas Co., Rosa Grasty, Frank Higgins, and Karbuhn Oil Co. have not been served in this action.

The Court having reviewed the motions filed by the above-named defendants, and having heard the arguments of counsel thereon, is of the opinion that defendants' various motions should be granted, as set forth in the memorandum opinion filed this date;

It is, accordingly, ORDERED, ADJUDGED, AND DECREED that defendants' motions for summary judgment are hereby GRANTED, that plaintiff John Howard Meadows, Individually and as Trustee on behalf of persons entitled to any right, profit, proceed, royalty, gain, advantage, title, or interest under a certain deed from Ephraim Garonzik to James Meaders, dated December 14, 1911, and as Administrator of the Estate of James A. Meadors, deceased, TAKE NOTHING by way of this action, that this action is DISMISSED WITH PREJUDICE against all defendants herein, and that defendants have JUDGMENT in this action.

The Court has also entered a Summary Judgment and Dismissal of Oryx Energy Company and Sun Pipe Line Company, which is incorporated into this Final Judgment for all purposes.

Costs herein are taxed against the plaintiff.

SIGNED this 18th day of November, 1991.

/S/ Howell Cobb
UNITED STATES DISTRICT JUDGE

EXHIBIT A

THE McFADDIN, WIESS AND
KYLE DEFENDANTS

*McFaddin Trust*

1. James L.C. McFaddin, Jr., and Will E. Wilson, Co–Trustees of the Caldwell McFaddin Mineral Trust created for the benefit of the heirs of Caldwell McFaddin;

2. Theodore J. Vittoria, Jr., Ellen Duncan Blanchard and Skipwith Duncan Ho, as Trustees of The Perry McFaddin Duncan Trust created for the benefit of the heirs of Perry McFaddin Duncan;

3. Texas Commerce Bank–Beaumont, N.A., Trustee of the Rosine Blount McFaddin Beneficiaries Trust, created for the benefit of Rosine Blount McFaddin and her children; and

4. First City, Texas—Beaumont, N.A., James L.C. McFaddin, Jr., Rosine M. Wilson, Ida M. Pyle and Eugene H.B. McFaddin, as Co–Independent Executors of the Estate of Mamie McFaddin Ward, Deceased, and as Co–Trustees of The Mamie McFaddin Ward Heritage Foundation created December 30, 1976, as amended October 7, 1982, for the benefit of the public;

have appeared to the extent all of such above-named parties have been sued herein as "McFaddin Trust, a corporation or foundation of the State of Texas."

*Mamie Ward*

First City, Texas—Beaumont, N.A., James L.C. McFaddin, Jr., Rosine M. Wilson, Ida M. Pyle and Eugene H.B. McFaddin, as Co–Independent Executors of the Estate of Mamie McFaddin Ward, Deceased, and as Co–Trustees of The Mamie McFaddin Ward Heritage Foundation created December 30, 1976, as amended October 7, 1982, for the benefit of the public, have appeared to the extent such named parties have been sued herein as "Mamie Ward, individually."

*Cordts D. Vernon McFaddin*

E.G. Cordts, as agent and attorney-in-fact for Di Vernon McFaddin Cordts Berly, has appeared to the extent such named party has been sued herein as "Cordts D. Vernon McFaddin, individually."

*J.L.C. McFaddin*

James L.C. McFaddin, Jr., individually, Rosine McFaddin Wilson, individually, Ida McFaddin Pyle, individually, Eugene H.B. McFaddin, individually, Rosine Blount McFaddin, individually, James L.C. McFaddin, Jr., and Will E. Wilson, as Independent Co–Executors of The Estate of

J.L.C. McFaddin, Deceased, Bar C Ranch Company, Inc., a Texas corporation, Rosine McFaddin Wilson, Will E. Wilson, Rosine Wilson Hall, W.E. Wilson, Jr., James L.C. McFaddin, Jr., Margaret McFaddin, Carroll Ann McFaddin Libbon, James L.C. McFaddin, Jr., Independent Executor of the Estate of Mary Ellen McFaddin, Deceased, Michael Caldwell McFaddin, Charles W. Pyle, Ida McFaddin Pyle, Mary McFaddin Pyle, Charles Pyle, Jr., Eugenia Ann Pyle, Eugene H.B. McFaddin, Katheryn B. McFaddin, and Eugene H.B. McFaddin, Trustee of the Susan Emily McFaddin Trust, James L.C. McFaddin, Jr., and Will E. Wilson, Co–Trustees of the Caldwell McFaddin Mineral Trust created for the benefit of the heirs of Caldwell McFaddin, and Texas Commerce Bank–Beaumont, N.A., Trustee of the Rosine Blount McFaddin Beneficiaries Trust, created for the benefit of Rosine Blount McFaddin and her children;

have appeared to the extent all of such above-named parties have been sued as "J.L.C. McFaddin, individually."

*McFaddin Development Corp.*

Rosine McFaddin Wilson, Will E. Wilson, Rosine Wilson Hall, W.E. Wilson, Jr., James L.C. McFaddin, Jr., Margaret McFaddin, Carroll Ann McFaddin Libbon, James L.C. McFaddin, Jr., Independent Executor of the Estate of Mary Ellen McFaddin, Deceased, Michael Caldwell McFaddin, Charles W. Pyle, Ida McFaddin Pyle, Mary McFaddin Pyle, Charles Pyle, Jr., Eugenia Ann Pyle, Eugene H.B. McFaddin, Katheryn B. McFaddin, and Eugene H.B. McFaddin, Trustee of the Susan Emily McFaddin Trust, as successors to the McFaddin Development Corp., a Texas corporation;

have appeared to the extent all of such above-named parties have been sued herein as "McFaddin Development Corp., a corporation of the State of Texas."

*Kyle Investments*

Jules Hebert Kyle, Margaret Kyle Hopkins, and Mary Kyle Craig, individually and as Independent Executors of the Estate of Brudge E. Kyle, Deceased, W.W. Kyle, III, and Carol Tyrrell Kyle;

have appeared to the extent such above-named parties have been sued herein as "Kyle Investments of the State of Texas."

*McFaddin, Wiess & Kyle*

All of the above-named parties, as well as G.A.N. McFaddin, individually, Mamie White Edson, individually, Shirla McFaddin Howard, individually, W.P.H. McFaddin, IV, individually, Amizetta McFaddin Clark, individually, Robert T. Munday, John L. Munday, Texas Commerce Bank–Beaumont, N.A., as Co–Trustee of The Percy Alexander Marshall Trust and Aileen C. Marshall, individually and as Co–Trustee of The Percy Alexander Marshall Trust;

have appeared to the extent they have been sued as "McFaddin, Wiess & Kyle, a partnership consisting of W.P.H. McFaddin, Valentine Wiess, and W.W. Kyle, or their successors or assigns."

## EXHIBIT B

## FIRST CITY AND HUGHES DEFENDANTS

*First City, Texas–Beaumont, N.A., and Benny H. Hughes, Jr.*

First City, Texas–Beaumont, N.A., ("First City") and Benny H. Hughes, Jr., ("Hughes") (with First City acting for itself and as Trustee of the following trusts, and with Hughes acting individually and as Trustee of the following trusts, said trusts being: the J.L. Caldwell Company Trusts dated December 8, 1955, for the benefit of W.P.H. McFaddin, III, and for the benefit of Gustavus Adolphus Northcott McFaddin; and the W.P.H. McFaddin, III, Trust for the benefit of W.P.H. McFaddin, III, and the Gustavus Adolphus Northcott McFaddin Trust for the benefit of Gusta-

vus Adolphus Northcott McFaddin, both created by instrument dated May 1, 1955; and with First City acting as Independent Executor and Trustee of the Trusts under the Will and Codicil of W.P.H. McFaddin, Jr., Deceased, and as Independent Executor and Trustee of the Trusts under the Will of Lucille Bass McFaddin, Deceased; said First City and Hughes having been sued herein as "First Security National Bank Hughes, TR. Box 2612, Beaumont, TX 77704)."