# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2010

No. 09-20784
Summary Calendar

Lyle W. Cayce
Clerk

BONNIE BIAS; VICKI BIAS BURRELL,

Plaintiffs-Appellants,

v.

STANDARD GUARANTY INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
Houston Division
USDC No. 4:09-CV-2070

Before JOLLY, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bonnie Bias and her daughter, Vicki Bias Burrell, appeal the district court's grant of summary judgment to Standard Guaranty Insurance Company in this lawsuit arising out of the handling of an insurance claim. The Biases also appeal several of the district court's evidentiary decisions, its denial of a continuance, and its dismissal of additional parties to the suit. For the following reasons, we AFFIRM the judgment of the district court.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

The Bias family's home was damaged during Hurricane Ike in September of 2008. One month later, Appellants submitted a claim to their insurance provider, Standard Guaranty, requesting that it cover the cost of repairs pursuant to their homeowner's insurance policy. The property was inspected the first day that Appellants were available, and an adjuster's report was prepared the next day stating that the net claim was $2,684.36. Payment was issued for this amount. Two months later, Appellants submitted an additional repair estimate from "A" Roofing Specialists for repairs totaling $2,450. Guaranty contacted the roofing company and agreed to review a second estimate covering only wind-related repairs; however, the updated estimate was never provided. Appellants later submitted an additional estimate from AMCO Roofing with the cost of roof replacement valued at $12,761.80. Standard Guaranty maintains that it tried unsuccessfully to reach Appellants to discuss the repair estimate, and Appellants filed this action before contact was made. While this action was pending, Appellants submitted a third estimate prepared by Darrell Quinney that assessed repairs at $52,414.23.

Appellants filed this action claiming that Standard Guaranty's behavior constituted (1) a breach of the insurance contract between Appellants and Standard Guaranty, (2) a breach of the duty of good faith and fair dealing, and (3) a failure to comply with the Texas Insurance Code by employing unfair settlement practices and failing to promptly make payment of claims. Initially, the action also named as Appellees Scott Smedley, the insurance adjuster who handled the claim at issue, and his company, Assurant Solutions. The district court dismissed the claims against Smedley and Assurant Solutions soon after the case was removed to federal court.

The district court granted final summary judgment: denying Appellants' motion for a continuance; striking the affidavit of Vicki Burrell Bias and the testimony and report of Appellants' expert, Darrell Quinney; and awarding a take-nothing judgment against Appellants.

Appellants first argue that the district court abused its discretion by denying their motion for continuance to allow discovery and the filing of supplemental summary judgment evidence. The denial of a continuance for additional discovery is reviewed for abuse of discretion, and we "will affirm [the] denial unless it is arbitrary or clearly unreasonable." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 721 (5th Cir. 1995) (citations omitted). Here, the district court did not abuse its discretion when it denied the motion for continuance. Appellants did not indicate the specific evidence they were seeking or the relevance of such evidence. *See Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir.1992) (upholding the district court's denial of a motion for additional discovery because the party's request "contains only the vague assertion that additional discovery is needed").

Next, Appellants challenge the district court's grant of summary judgment for Standard Guaranty. We review a district court's grant of summary judgment *de novo* and apply the same standards as the district court. *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000). Summary judgment is proper when there is an absence of genuine issues of material fact and one party is entitled to judgment as a matter of law. *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 131 (5th Cir. 1992). Thus, "[t]he appropriate inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

Appellants argue that the district court abused its discretion in striking their summary judgment evidence. Under Rule 702 of the Federal Rules of Evidence, expert testimony is admissible if: (1) it will assist the trier of fact to understand the evidence or to determine a fact in issue; (2) it is based on sufficient facts or data; (3) it is the product of reliable principles and methods; and (4) the witness has applied the principles and methods reliably to the facts

of the case. We review the district court's ruling under Rule 702 for an abuse of discretion. *United States v. Pettigrew*, 77 F.3d 1500, 1514 (5th Cir. 1996).

The district court found that the testimony and report of Darrell Quinney did not meet the test for admissible evidence because the evidence was not based on sufficient facts or data and is not the product of reliable principles and methods. Most notably, the report and testimony failed to isolate the damage caused by Hurricane Ike. Quinney acknowledged that he had not investigated whether Hurricane Ike caused the damages included in his report. We find that the district court did not abuse its discretion in striking this testimony and report. As the district court noted, "causation should come first and the cost second, not the other way around."

Appellants also relied on Vicki Bias Burrell's affidavit to establish causation. The district court struck the affidavit ruling that it rested heavily on hearsay and lacked the necessary technical expertise. A party seeking to oppose summary judgment "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case. Unsubstantiated assertions of an actual dispute will not suffice." *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The district court did not abuse its discretion in striking the evidence.

In addition, Appellants argue that Standard Guaranty did not establish it was entitled to summary judgment on the contract, bad faith, or Texas Insurance Code claims. However, Appellants have failed to put forward evidence that could connect Hurricane Ike to the damage to their home or support their claim that the initial adjustment by Standard Guaranty was incorrect.

Likewise, Appellants' claims for fraud and conspiracy to commit fraud likewise are unsupported by competent summary judgment evidence. Appellants failed to provide evidence demonstrating that Standard Guarantee knew that their representations were false or that they made representations

4

with knowledge of the truth of the matter asserted.  In addition, Appellants' conspiracy claim fails as a matter of law because they did not offer evidence that could establish a meeting of the minds between two or more people or an act or omission performed by Standard Guarantee, with the requisite intent to defraud, or by gross negligence.  *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *see also Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1953) ("[a] corporation cannot conspire with itself any more than a private individual can").

Finally, Appellants assert that the district court improperly dismissed their fraud and conspiracy claims against Scott Smedley and his company, Assurant Solutions.  We find that the district court did not err in dismissing those claims against Smedley and Assurant Solutions because Appellants failed to allege facts that would establish a reasonable basis for liability against Smedley and Assurant Solutions.  *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

For the foregoing reasons, we conclude that the district court's judgment is AFFIRMED.