# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2021

Lyle W. Cayce
Clerk

No. 19-60770
Summary Calendar

ROBERT WARREN TRIPLETT,

*Plaintiff—Appellant*,

*versus*

JACQUELINE BANKS, *Superintendent*; MARSHALL TURNER, *Warden*; FAYTONIA JOHNSON, *Captain*; RONALD WOODALL, *Doctor*, *Medical Director*; KERA HARDY; JOY ROSS, *Captain*; RODERICK EVANS; SHENEICE EVANS; UNKNOWN COOLEY, *Captain*; MARK DAVIS; KAREN CAUSEY; MITCHEAL TAYLOR; JOHN DOES; CHARMINE McCLEAVE; GWENDOLYN WOODLAND,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-65

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60770

This action, pursuant to 42 U.S.C. § 1983, by Robert Warren Triplett, Mississippi prisoner # 126566, raised claims concerning: conditions of his confinement, handling of his inmate trust account, denial of adequate medical care, and denial of adequate food. The district court dismissed, as frivolous, the claims against some defendants. The magistrate judge, presiding with the consent of the parties, granted summary judgment in favor of the remaining defendants and dismissed the action. Proceeding *pro se*, Triplett presents numerous issues, all of which fail.

Dismissals of civil-rights claims as frivolous are reviewed for abuse of discretion. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). Summary judgments are reviewed *de novo*, and the same standards used by the district court are applied. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must demonstrate the absence of a genuine dispute of material fact, but does not need to negate the elements of nonmovant's claim. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). If the movant meets this initial burden, the burden shifts to the nonmovant to set forth specific evidence to support his claims. *See id.* All facts and reasonable inferences must be construed in the light most favorable to the nonmovant, and the court must not weigh evidence or make credibility determinations. *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009).

For the first of his numerous issues, Triplett maintains the magistrate judge erred in rejecting his assertion that summary judgment was improper because defendants did not respond to his discovery requests or provide him with relevant discovery. Because Triplett has not explained with specificity how inadequate discovery prevented him from opposing defendants'

2

summary-judgment motions, he has not shown the magistrate judge abused his discretion by denying the request for additional discovery and declining to dismiss the motions. *See Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992) (explaining "[t]o obtain to the shelter of rule 56(f), the party resisting summary judgment must present specific facts explaining the inability to make a substantive response as required by rule 56(e) and must specifically demonstrate how discovery will enable him to establish the existence of a genuine [dispute] of material fact"); *Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990) (explaining discovery matters within discretion of district court); Fed. R. Civ. P. 56(d) (facts unavailable to nonmovant).

Regarding Triplett's claims of denial of adequate medical care for his sinus condition and vertigo, the magistrate judge did not abuse his discretion in granting summary judgment. His medical records show Triplett received ongoing medical treatment for these issues, including examinations and medication. His disagreement with the medical treatment he received does not constitute the requisite deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (explaining "[a] prison official acts with deliberate indifference only if . . . he knows that inmates face a substantial risk of serious bodily harm and . . . he disregards that risk by failing to take reasonable measures to abate it" (citation omitted)). He has also failed to show any slight delay in receiving treatment resulted in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm").

Triplett has further failed to show the magistrate judge erred by not considering his claims concerning the denial of medical treatment for a hernia, psoriasis, arthritic pain, and a fungus condition he raised after his complaint was filed. He has not shown the magistrate judge abused his discretion by declining to allow him to supplement his pleadings to raise these

new claims. *See Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (explaining whether supplemental pleadings permitted within district court's discretion); FED. R. CIV. P. 15(d). The motions in which he raised these claims did not add anything of substance to his original complaint and were not germane to it. *See Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) (explaining courts consider whether "proposed pleading is futile").

Triplett's claims of denial of medical care for a facial lesion and of unauthorized medical charges are unexhausted. Because exhaustion is mandatory under the Prison Litigation Reform Act (PLRA), the magistrate judge did not err in granting summary judgment for failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) (explaining unexhausted claims may not be brought in court).

Summary judgment was also properly granted against Triplett's conditions-of-confinement claims. The evidence viewed in the light most favorable to Triplett did not establish defendants knew he was at substantial risk of serious harm and failed to take reasonable actions to correct the conditions. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"). The magistrate judge did not err in granting summary judgment on Triplett's claims against the supervisory officials because Triplett did not show they were personally involved in or their actions were causally connected to the claimed constitutional violations. *See DeMarco v. Davis*, 914 F.3d 383, 390 (5th Cir. 2019) (dismissing plaintiff's claim because defendants not personally involved in constitutional violation of subordinate). Moreover, Triplett did not exhaust his claim concerning bathroom ventilation.

Triplett also contends the magistrate judge did not address his claim against Captain Debbie Cooley. In district court, Triplett maintained Captain Cooley and others supervised the serving of meals. As noted above, the magistrate judge correctly rejected Triplett's claims against supervisors who had no personal involvement in the alleged constitutional violations. *See id.* at 390. Further, the magistrate judge did not err in determining Triplett did not show adequately that the meals provided by Cooley and the other defendants lacked sufficient nutritional or caloric value to preserve his health. *See Berry*, 192 F.3d at 507 (explaining "deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities" (citation omitted)).

The district court did not abuse its discretion in applying the *Parratt/Hudson* doctrine to dismiss, as frivolous, Triplett's claims concerning charges to his inmate account for legal mail. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984). Under the *Parratt/Hudson* doctrine, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy". *Zinermon v. Burch*, 494 U.S. 113, 115 (1990). The district court did not abuse its discretion in determining Triplett could not bring a claim against prison librarians because Mississippi provides an adequate postdeprivation remedy for the loss of property. *See id.* (explaining post-deprivation tort remedy constitutionally sufficient); *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994) (noting prisoner's potential conversion action against prison employee in state court satisfied due process).

Further, contrary to Triplett's assertion, the magistrate judge considered his claim that Joseph Cooley mishandled his prison grievances,

lost his grievances, and failed to process second-step requests. The magistrate judge did not err in concluding Triplett did not have a federally-protected interest in having his grievances resolved to his satisfaction. *See Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020) (explaining "prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction").

Moreover, the action was properly transferred to the Southern Division of the Southern District of Mississippi. At the time the complaint was filed, Triplett was an inmate at the Southern Mississippi Correctional Institution in Leaksville, Greene County, Mississippi, and Greene County is located within the above-described division.

Because Triplett has not identified any specific error in the district court's denial of the motion that specific precedent be designated as the law of the proceeding, he has abandoned this claim by failing to brief it adequately. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Moreover, the magistrate judge considered and denied all Triplett's motions and implicitly considered all his pleadings.

Finally, Triplett maintains a statement made by a witness at his hearing was perjured. This conclusional assertion is insufficient to show the magistrate judge erred in disposing of any of his claims. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (stating "conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party").

AFFIRMED.